UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAN 7 2026 PM4:09
FILED - USDC - BPT - CT

GRAND JURY B-25-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:26CR **6** (SVN)(RAR) |
| v. | VIOLATIONS: |
| JOSHUA OCASIO,<br> a.k.a. "J" and "Jim,"<br>JOSE ROSADO-ORTIZ,<br>TONI RISUCCI,<br>RYAN RIBACK,<br>KYLE MASTROIANNI,<br>ROBERT PINETTE,<br>DEBRA JANKOWSKI,<br>GRIFFIN DEPREY,<br>RYAN JASSOR,<br>JAMES WARKOSKI, and<br>QURAN MUHAMMAD | 21 U.S.C. §§ 841(a)(l), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846 (Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances) |
| | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Distribution of Fentanyl and Cocaine Resulting in Death and Serious Bodily Injury) |
| | 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A), 841(b)(1)(B), and 841(b)(1)(C) (Possession with Intent to Distribute Controlled Substances) |
| | 18 U.S.C. § 924(c)(1)(A)(i) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

1.     From in or around September 2023 through on or about December 4, 2025, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants JOSHUA OCASIO, a.k.a. "J" and "Jim," JOSE ROSADO-ORTIZ, TONI RISUCCI, RYAN RIBACK, KYLE MASTROIANNI, ROBERT PINETTE, DEBRA JANKOWSKI, GRIFFIN DEPREY, RYAN JASSOR, JAMES WARKOSKI, and QURAN MUHAMMAD,

together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that defendants JOSHUA OCASIO, a.k.a. "J" and "Jim," JOSE ROSADO-ORTIZ, TONI RISUCCI, RYAN RIBACK, KYLE MASTROIANNI, ROBERT PINETTE, DEBRA JANKOWSKI, GRIFFIN DEPREY, RYAN JASSOR, JAMES WARKOSKI, and QURAN MUHAMMAD, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely, cocaine, its salts, optical and geometric isomers, and salts of isomers, cocaine base ("crack"), N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propanamide ("fentanyl"), methamphetamine, its salts, isomers, and salts of its isomers, and oxycodone, each a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Quantities of Controlled Substances Involved in the Conspiracy

3. Defendant JOSHUA OCASIO knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and a mixture and substance containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii), 841(b)(1)(A)(vi), 841(b)(1)(B)(viii) and 841(b)(1)(C).

4. Defendant JOSE ROSADO-ORTIZ knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and a mixture and substance containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii), 841(b)(1)(B)(vi), 841(b)(1)(B)(viii) and 841(b)(1)(C).

5. Defendants TONI RISUCCI and RYAN RIBACK knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, and a mixture and substance containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(vi) and 841(b)(1)(C).

6. Defendant KYLE MASTROIANNI knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, and a mixture and

substance containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(A)(vi), 841(b)(1)(B)(ii)(II), and 841(b)(1)(C).

7.    Defendant ROBERT PINETTE knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, and a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(B)(vi) and 841(b)(1)(C).

8.    Defendants DEBRA JANKOWSKI and GRIFFIN DEPREY knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, and a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, and a mixture and substance containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(B)(vi) and 841(b)(1)(C).

9.    Defendants RYAN JASSOR, JAMES WARKOSKI and QURAN MUHAMMAD knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a mixture and substance containing a detectable amount of cocaine base, and a

mixture and substance containing a detectable amount of fentanyl, each a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Possession with Intent to Distribute and Distribution of Fentanyl and Cocaine
Resulting in Death and Serious Bodily Injury)

10.    On or about October 26, 2024, in the District of Connecticut, the defendant JOSHUA OCASIO, a.k.a. "J" and "Jim," and another individual known to the Grand Jury, knowingly and intentionally possessed with intent to distribute, and did distribute, and aided and abetted in the same, a mixture and substance containing a detectable amount of fentanyl and a detectable amount of cocaine, its salts, optical and geometric isomers, both Schedule II controlled substances, and death or serious bodily injury resulted from the use of this mixture and substance containing fentanyl and cocaine.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THREE
(Possession with Intent to Distribute Controlled Substances)

11.    On or about December 4, 2025, in the District of Connecticut, the defendant JOSE ROSADO-ORTIZ, knowingly and intentionally possessed with intent to distribute, 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and a mixture

5

and substance containing a detectable amount of oxycodone, each a schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii)(II), 841(b)(1)(B)(vi), 841(b)(1)(B)(viii) and 841(b)(1)(C).

## COUNT FOUR
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

12.    On or about December 4, 2025, in the District of Connecticut, the defendant JOSE ROSADO-ORTIZ, knowingly possessed firearms, namely: one Diamondback Arms DB15 5.56 NATO caliber rifle with serial number DB2641267, and one privately made firearm (PMF), Glock-style, 9mm Luger caliber semiautomatic pistol, without a serial number, with a loaded magazine, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, as charged in Count One of the Indictment, in violation of Title 21, United States Code, Section 846, and Possession with Intent to Distribute Controlled Substances, as charged in Count Three of the Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii)(II), 841(b)(1)(B)(vi), 841(b)(1)(B)(viii) and 841(b)(1)(C).

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

13.    Upon conviction of one or more of the controlled substances offenses alleged in Counts One through Three of this Indictment, the defendants JOSHUA OCASIO, a.k.a. "J" and "Jim," JOSE ROSADO-ORTIZ, TONI RISUCCI, RYAN RIBACK, KYLE MASTROIANNI, ROBERT PINETTE, DEBRA JANKOWSKI, GRIFFIN DEPREY, RYAN JASSOR, JAMES WARKOSKI, and QURAN MUHAMMAD, shall forfeit to the United States, pursuant to Title 21,

6

United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including but not limited to the following:

- $30,338 in United States currency seized on or about February 27, 2025 in New Britain, Connecticut;

- one white gold diamond necklace 24" (valued at approximately $127,300), one Yellow Gold diamond necklace 22.5" (valued at approximately $68,150), one Rolex with Diamonds (valued at approximately $42,000), one 10k diamond ring (valued at approximately $900), one 10 diamond ring (valued at approximately $930), one Cartier Santos Watch with diamonds (valued at approximately $33,000), $440,513 of United States currency, one Acura TSX, one Can-Am Ryker Rally Editions, one KTM 500 EXC-F; and one Can-Am Maverick Max RS, all seized on or about December 4, 2025 in Middletown, Connecticut;

- $7,760 in United States currency, one Movado Watch (valued at approximately $695), one 10k Cuban link bracelet (valued at approximately $2570), one 14k Cuban link chain (valued at approximately $6,896), all seized on or about December 4, 2025 in Manchester, Connecticut; and

- one Yamaha AR240 with Shorelander Trailer, seized on or about December 19, 2025 in New Britain, Connecticut.

7

8

15.    If any of the forfeitable property described above, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Sections 853 and 881, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

### FORFEITURE ALLEGATION
### (Firearms Offense)

16.    Upon conviction of the offense alleged in Count Four of this Indictment, the defendant JOSE ROSADO-ORTIZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including but not limited to the following:  one Diamondback Arms DB15 5.56 NATO caliber rifle with serial number DB2641267, and one privately made firearm (PMF), Glock-style, 9mm Luger caliber semiautomatic pistol, without a serial number, with a loaded magazine, and ammunition seized on or about December 4, 2025 in Manchester, Connecticut.

All in accordance with Title 18, United States Code, Sections 924(d); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON

UNITED STATES OF AMERICA

_____
DAVID X. SULLIVAN
UNITED STATES ATTORNEY

_____
BRENDAN KEEFE
ASSISTANT UNITED STATES ATTORNEY

_____
NATASHA FREISMUTH
ASSISTANT UNITED STATES ATTORNEY

9